### LEWIS VANDEGRIFT [1] v. ROBERT HAUGHEY.

Court of Common Pleas. New Castle. December, 1793.

*Read's Notebook, 21.**

*G. Read,* of counsel for the defendant, moved for a nonsuit, because by the Statute of the 4 & 5 of Anne, c. 16, s. 27, account render was the plaintiff's only action, and in *Headly v. Lundy* it was determined by this court that case would not lie by one part owner of a shallop against another for having received his share of the profits.

*Johns,* for the defendant, said personal actions would in some cases lie for one tenant in common against another, Co. Litt. 200 a., and he relied on the count for money had and received, Cowp. 289, 290, 294; and when there is an express promise, or where one acts as bailiff, case will lie as well as account, Salk. 9.

BASSETT, C. J. No doubt but that before the Statute of Anne, case would not lie by one tenant in common against another, unless he was actually appointed bailiff. At present, if one tenant in common receive all the profits, the Statute has given a remedy by action of account render. There is no evidence of an

---

[1] In the account of this case in *Wilson,* the name is spelled, "Vandegright."

* This case is also reported in *Bayard's Notebook, 38; Wilson's Red Book, 17.*

appointment as bailiff, nor any evidence of a promise actually made; there must be a nonsuit entered.

MCDONOUGH and RODNEY, JUSTICES, of the same opinion. Whereupon the plaintiff was called and nonsuited.